LAW OFFICES OF
# JEFFREY LICHTMAN
11 EAST 44TH STREET
SUITE 501
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
PAUL TOWNSEND

PH: (212) 581-1001
FX: (212) 581-4999

December 8, 2017

**VIA ECF**
Honorable Katherine B. Forrest
District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Afanasyev**, 17 Cr. 350 (KBF)

Dear Judge Forrest:

Defendant Ivan Afanasyev replies to select arguments raised in the government's December 1, 2017 Opposition to his pretrial motions ("Govt's Opp."). In all other respects, the motions are fully briefed and the defendant rests on his opening memorandum ("Mem.").

**First**, with respect to the GPS location data, the government notes that "courts have held that probable cause is not required to obtain pen register information and historical location information," (Govt's Opp., at p. 26), but the Supreme Court of the United States heard arguments on this very topic on November 29, 2017 in Carpenter v. United States, 137 S.Ct. 2211 (2017) (granting cert.).[1] While the central issue of that appeal is the Fourth Amendment concerns implicated by warrantless acquisition of GPS location information (and we acknowledge that a warrant was obtained in this case), we respectfully submit that the Carpenter decision may very well have implications for this matter as well. Given the proliferation of "smart" cellular telephones with stored and accessible GPS information, and the level of intrusion that a collection of this data represents, we respectfully submit that it would be prudent to allow the Supreme Court to make a decision in Carpenter before ruling on our motion to suppress Mr. Afanasyev's location data as obtained without sufficient probable cause.

**Second**, the government contends that they have "amply alert[ed]" Mr. Afanasyev as to the charges against him through the Indictment, the Title III Affidavits, and their "pretrial letter

---

[1] See SCOTUSblog, Description of the Appellate Procedure and Status for Carpenter v. United States, http://www.scotusblog.com/case-files/cases/carpenter-v-united-states-2/ (last viewed December 5, 2017).

JEFFREY LICHTMAN

Hon. Katherine B. Forrest
United States District Judge
December 8, 2017
Page 2

briefs." Govt's Opp., at p. 28. Specifically, the government indicates that the Indictment describes certain telephone calls, that the entirety of the Title III line sheets have been provided with either summaries or verbatim transcripts of the conversations, and the government has explained and expounded on those calls in their letters concerning the various defendants' bail hearings. Id. at pp. 28-29. But the government's response to the point made by Mr. Afanasyev utterly fails to refute the claim that the linesheet relating to *his* specific telephone call in the Indictment does not comport with the government's assertions concerning its nature therein. While a significant amount of ink is spent discussing how a request for a Bill of Particulars cannot be used as an "investigative tool" for the defense (id. at p. 27), there is no discussion of the issues raised by Mr. Afansyev with regards to the *singular* phone call contained in the Indictment which purportedly connects Mr. Afanasyev to the criminal enterprise, but which plainly does not contain the language described by the government. See Mem., at pp. 4-5; see also Indictment at ¶ 11aa. Further, the government does not refute in its opposition that the particular call cited in Mr. Afanasyev's motion is the call which the government is relying upon in the Indictment, nor is there any information proffered to support their assertion therein that, during the call, Mr. Afanasyev "requested" that defendant Dzhanashvili "oversee a team of lower-level associates of the Shulaya Enterprise who would engage in the use of counterfeit credit cards at local business in and around the New York City area." Id.; Mem., at p. 4. To put it plainly, without more information, it is impossible for the defendant to determine how the linesheet for this call supports the government's interpretation thereof in the Indictment.

Instead, ignoring Mr. Afanasyev's arguments completely in the section addressing the Bill of Particulars, the government merely references one additional telephone call in support of their collection of GPS location information in which Mr. Afanasyev purportedly speaks to Mr. Dzhanashvili. Govt's Opp., at p. 6; GPS Warrant at ¶ 19(c). That specific telephone call, however, takes place between the telephone associated with Zurab Dzhanashvili[2] and the telephone associated with Vache Hovhannisyan[3] wherein Mr. Afanasyev is put on the phone with Mr. Dzhanashvili and asks him how "things" are going, to which Mr. Dzhanashvili replies "very very bad." See Synopsis for session 10698, February 13, 2017 outgoing call from (347) 571-1345 to (330) 800-1000, attached as Exhibit A. Similar to the call referenced above, this recorded conversation fails to demonstrate participation in a criminal enterprise, and does not inform him of the charges that he faces.

For Mr. Afanasyev to adequately prepare for trial, he needs to know what specific conduct establishes his guilt. To date, rather than specify the conduct which demonstrates that Mr. Afanasyev took part in a criminal enterprise, the government has instead provided interpretations of a few recorded telephone calls which do not comport with their own linesheets.

---

[2] The phone number associated with defendant Zurab Dzhanashvili is (347) 571-1345.

[3] The phone number associated with defendant Vache Hovhannisyan is (330) 800-1000.

**JEFFREY LICHTMAN**
Hon. Katherine B. Forrest
United States District Judge
December 8, 2017
Page 3

Accordingly, this Court should order the government to provide a Bill of Particulars to Mr. Afanasyev. United States v. Tomasetta, 429 F.2d 978, 980 (1st Cir. 1970) (compelling the production of a Bill of Particulars to ensure that the defendant would not be convicted based on conduct divorced from that which the grand jury based its indictment); United States v. Santiago, 174 F. Supp.2d 16, 37 (S.D.N.Y. 2001) (ordering the government to produce a Bill of Particulars in a conspiracy case to inform the defendant of the approximate dates, times and conspiratorial acts relating to the defendant).

    Wherefore, for the reasons urged herein and in his opening memorandum, defendant Ivan Afanasyev's pretrial motions should be granted in their entirety.

                                    Respectfully submitted,

                                    Jeffrey Lichtman

cc:    Andrew Thomas, Esq.
       Andrew Adams, Esq.
       Assistant United States Attorneys (via ECF)