UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

             v.                          17 Cr. 350 (KBF)

RAZHDEN SHULAYA
a/k/a "Brother,"
a/k/a "Roma," and
AVTANDIL KHURTSIDZE,                      Trial
a/k/a "The Kickboxer,"

                Defendants.
------------------------------x
                                         New York, N.Y.
                                         June 19, 2018
                                         10:45 a.m.
Before:
                    HON. KATHERINE B. FORREST,
                                         District Judge

                        APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
ANDREW C. ADAMS
ANDREW M. THOMAS
     Assistant United States Attorneys

ANTHONY CECUTTI
JENNIFER R. LOUIS-JEUNE
     Attorneys for Defendant Shulaya

KREINDLER & KREINDLER
     Attorneys for Defendant Khurtsidze
BY:  MEGAN W. BENETT
     -and-
ZEMAN & WOMBLE
BY:  KEN WOMBLE

Also Present:
Yana Agoureev, Interpreter (Russian)
Andrew Tarutz, Konstantin Garnov, Interpreters (Russian)
Maya Beridze, Katherine Stewart-Hilkert Interpreters (Georgian)
Lasha T. Gegechkori, Interpreter (Georgian)
Rose Corrado, Paralegal Specialist
Special Agent Robert Hanratty, FBI
Special Agent Naushaun Richards, FBI

(Trial resumed)

THE COURT: All right, ladies and gentlemen. So we've received a note from the jury that says, "Your Honor, the jury has reached a verdict." We're ready to bring the jury out. Why don't you go ahead and bring them out.

(Jury present)

THE COURT: All right, ladies and gentlemen. Please be seated. Everyone in the courtroom please be seated.

I have received a note that states as follows: "Your Honor, the jury has reached a verdict."

Mr. Foreperson, has the jury reached a verdict?

THE FOREPERSON: We have, your Honor.

THE COURT: I'm going to ask Joe to come and get the verdict from the foreperson, please.

Mr. Pecorino, would you please read the verdict.

THE DEPUTY CLERK: The jury's verdict in the matter of the United States of America v. Razhden Shulaya and Avtandil Khurtsidze, 17 Cr. 350.

"Count One, racketeering conspiracy, how do you find the defendant Razhden Shulaya with respect to Count One? Guilty.

"How do you find the defendant Avtandil Khurtsidze with respect to Count One? Guilty.

"Count Two, conspiracy to violate federal law of stolen property. How do you find the defendant Razhden Shulaya

with respect to Count Two?  Guilty.

"Count Three, conspiracy to violate federal law, contraband cigarettes.  How do you find the defendant Razhden Shulaya with respect to Count Three?  Guilty.

"Count Four, conspiracy to commit fraud relating to identity documents.  How do you find the defendant Razhden Shulaya with respect to Count Four?  Guilty.

"Did the government prove that as a result of Razhden Shulaya's use, transfer, or possession of a means of identification of another person, Razhden Shulaya obtained or attempted to obtain anything of value of 1,000 or more during any one-year period?  Proved.

"Count Five, wire fraud conspiracy.  How do you find the defendant Razhden Shulaya with respect to Count Five?  Guilty.  How do you find the defendant Avtandil Khurtsidze with respect to Count Five?  Guilty.

THE COURT:  Mr. Foreperson, is this your verdict?

THE FOREPERSON:  Yes, it is, your Honor.

THE COURT:  Would you please poll the jury.

THE DEPUTY CLERK:  Juror No. 1, is this your verdict?

JUROR 1:  Yes.

THE DEPUTY CLERK:  Juror No. 2, is this your verdict?

JUROR 2:  Yes.

THE DEPUTY CLERK:  Juror No. 3, is this your verdict?

JUROR 3:  Yes.

THE DEPUTY CLERK: Juror No. 4, is this your verdict?

JUROR 4: Yes.

THE DEPUTY CLERK: Juror No. 5, is this your verdict?

JUROR 5: Yes.

THE DEPUTY CLERK: Juror No. 6, is this your verdict?

JUROR 6: Yes.

THE DEPUTY CLERK: Juror No. 7, is this your verdict?

JUROR 7: Yes.

THE DEPUTY CLERK: Juror No. 8, is this your verdict?

JUROR 8: Yes.

THE DEPUTY CLERK: Juror No. 9, is this your verdict?

JUROR 9: Yes.

THE DEPUTY CLERK: Juror No. 10, is this your verdict?

JUROR 10: Yes.

THE DEPUTY CLERK: Juror No. 11, is this your verdict?

JUROR 11: Yes.

THE DEPUTY CLERK: Juror No. 12, is this your verdict?

JUROR 12: Yes.

THE DEPUTY CLERK: The jury is polled, your Honor.

THE COURT: Counsel, is there any reason not to dismiss the jury at this time?

MR. ADAMS: No, your Honor.

MR. CECUTTI: No, your Honor.

MS. BENETT: No, your Honor.

THE COURT: Thank you.

Ladies and gentlemen, I am now going to dismiss you and relieve you from your jury service. You have now completed your jury service. I want to thank you very much and personally from me to you for being so attentive to the evidence in this case and to taking your jury service so very seriously.

At the very beginning of this case you folks took an oath of silence not to discuss this case with anybody else. I now relieve you from that oath. You may discuss this case, should you want to do so, but you need not if you don't want to do so. It's not the kind of situation where if somebody asks you a question, you should feel any obligation at all to have to respond. If you don't want to respond, you even have to say anything at all. It's not rude just to turn and walk away. That's not rude. That's just because sometimes it's just not something that you want to engage in and that's a perfectly appropriate and fine answer.

However, if choose to respond to inquiries made of you, I ask that you keep your responses to your views and let your fellow jurors decide for themselves whether they want to discuss their own views. In other words, don't try to characterize everyone else's views, but speak for yourself. But at this point in time, you are relieved from your oath of silence. You can talk to other people in your life about this case if you choose to do so or not, as you see fit.

Now, there are a few logistical matters that Joe will tell you about in the back in the jury room. He's now able to talk with you again and deal with you again and I'm actually going to come back with you to the jury room myself and speak to you. So I'll be back there in just a couple of minutes. Again, I want to thank you. As you folks know, the way that our system of justice works is by having jurors and you've got to have citizens who will serve as jurors in criminal cases and you have done so and thank you for that.

You're now relieved and I send you to the backroom. Thanks very much. I'll be back in the a couple minutes.

(Jury not present)

THE COURT: All right, ladies and gentlemen in the courtroom. Let's all be seated just for a moment.

There are a couple of things that I would typically do right now, so I will do then. We would set the sentencing for this matter to be September 21, 2018, at 1 p.m. Is there any reason why you would know now that that date would not work? September 21. And we'll do Mr. Shulaya at 1 p.m. and Mr. Khurtsidze at 2:00.

MR. ADAMS: Good for the government.

MR. CECUTTI: That's fine, your Honor.

MS. BENETT: Your Honor. I have know I have a CJA duty day sometime around there and I just haven't had a chance to enter it into my calendar.

THE COURT: I'll tell you what. If it turns out to be the 21st, what we'll do is we'll move Mr. Khurtsidze to the following Monday. We'll have Mr. Shulaya be sentenced first and so just let me know, but right now we'll do them at 1:00 Mr. Shulaya, 2:00, Mr. Khurtsidze, September 21. Let me know.

MS. BENETT: OK.

THE COURT: As you folks may know, I try very hard, I'm not always successful, but I do try hard not to move sentencing dates. So try to protect this if you can.

There is the matter of any posttrial motions that may be made. What I would suggest to counsel is that we now know the sentencing date. I will resolve any posttrial motions in advance of that so we can keep the sentencing date. I need not have you right now tell me exactly whether or not you plan on filing motions, and if so, when. What I'd ask you to do is to confer, come up with a schedule that's going to work for any counsel. If anyone wants to make any motions that will get things fully briefed in advance. I need about a week or ten days to resolve the motion to know whether or not there's going to be something that would throw off the sentencing date for some reason.

You folks confer. Why don't we say in a week you'll let me know.

MR. CECUTTI: That's fine, your Honor.

MS. BENETT: That's fine. We will put a Rule 29

motion on the record. I can do it orally. I'd like to do it orally now and ask the Court for the opportunity if we believe it necessary to brief it within the next two weeks. So I would make it, but ask that a decision be deferred on it until either there a written submission or we advise the Court that we're not submitting something additional.

THE COURT: Here's what I would do, Ms. Benett. I will take right now that you have made an oral Rule 29 motion. You have not waived it. Why don't you submit it within -- confer with Mr. Cecutti about timing on it. We don't need to argue it right now. I'll take all bases as open and you can come up with the written briefing. I can't think of a reason why the jury verdict should be at this point in time overturned in any respect, but I'll await and hear your motion and we'll take it step by step.

MS. BENETT: Thank you.

THE COURT: We've got the dates then. So in one week let's just get a date certain for any motion schedule to be made. I don't know that there will be any reason why we can't make all 29 and 33 motions at the same time. So you folks will confer on that. I don't think there's any reason why on consent and with a court order that is not available. So right now we are on June 19. So by, say, the 26th, just give me a letter with your proposed schedule.

Are there any other applications at this time?

It is typically not my practice to have counsel talk to the jury afterwards.  I am going to go talk to the jury, but that does not mean that you can't do whatever you're going to do over time and in the rest of your life, but I'm going to let the jury be escorted out of the building and so we'll do that in just a few minutes after I've spoken with them.  I'd ask the marshals to assist me with that.

Thanks, folks.

(Adjourned)